**Docket No. 15-1092 (LEAD)**
**15-1496**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

APRIL SMITH                    DISTRICT COURT DOCKET NO.
                               5:12-cv-00202-RLV-DSC
       Plaintiff - Appellant,

v.

JASON MUNDAY; CHARLES MCGINLEY; BRIAN GREENE; RODNEY JORDAN; CITY OF LINCOLNTON; LINCOLNTON POLICE DEPARTMENT; MARK LESASSIER; JOHN DOE; JANE DOE

       Defendants - Appellees,

and

RUFUS LYNCH

       Defendant.

_____

**ON APPEAL FROM A JUDGMENT OF THE**
**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF NORTH CAROLINA**

_____

**PLAINTIFF-APPELLANT'S BRIEF ON APPEAL**

_____

Algernon Williams, Sr.
LAW OFFICE OF ALGERNON WILLIAMS
Attorney for Plaintiff-Appellant
4801 East Independence Boulevard Suite 908
Charlotte, NC 28212
Direct: 704-537-9111
Email: alwilliamslaw@msn.com

## **CORPORATE DISCLOSURE STATEMENT**

Appellant is not a nongovernmental corporate party and none of the Appellees are a publicly held corporation.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................i

PRELIMINARY STATEMENT AND STATEMENT OF JURISDICTION ..........1

STATEMENT OF THE ISSUE................................................................................1

STATEMENT OF THE CASE.................................................................................1

STATEMENT OF FACTS .......................................................................................2

STANDARD OF REVIEW .....................................................................................4

SUMMARY OF ARGUMENT ................................................................................4

ARGUMENT ...........................................................................................................6
      THERE IS NO EVIDENCE TO SUPPORT AN ASSERTION THAT A REASONABLY WELL TRAINED OFFICER WOULD HAVE FOUND PROBABLE CAUSE FOR AN ARREST............................................6

CONCLUSION ......................................................................................................10

CERTIFICATION OF COMPLIANCE .................................................................10

CERTIFICATE OF FILING AND SERVICE .......................................................11

# TABLE OF AUTHORITIES

## CASES

*Abney v. Coe*, 493 F.3d 412 (4th Cir.2007) ................................................................6

*Beck v. Ohio*, 379 U.S. 89 (1964) ...............................................................................7

*Beeson v. Palombo*, 727 S.E.2d 343 (N.C. Ct. App.), rev. denied 366 N.C. 389, 732 S.E.2d 352 (2012) .................................................................................................9

*Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996) .............................6, 9

*Brown v. Gilmore*, 278 F.3d 362 (4th Cir. 2002) ....................................................7, 8

*Craft v. City of New Bern*, 750 S.E.2d 919 (N.C. App. 2013) ..................................9

*Dash v. Mayweather*, 731 F.3d 303 (4th Cir. 2013) ..................................................4

*Dunaway v. New York*, 442 U.S. 200..........................................................................7

*Emmett v. Johnson*, 532 F.3d 291 (4th Cir. 2008) .....................................................4

*Graham v. Conner*, 490 U.S. 386 (1989).....................................................................6

*Guzman v. Ford*, 241 F.3d 69 (1st Cir. 2001).............................................................9

*Henry v. Purnell*, 652 F.3d 524 (4th Cir. 2011).........................................................6

*Henry v. United States*, 361 U.S. 98 (1959) ..............................................................7

*Malley v. Briggs*, 475 U.S. 335 (1986) ....................................................................6, 7

*Porterfield v. Lott,* 156 F.3d 563 (4th Cir. 1998) .......................................................7

*S.P. v. City of Takoma Park, Md.*, 134 F.3d 260 (4th Cir. 1998) .............................6

*Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir. 1988) ...................................................... 8

*United States v. Humphries*, 372 F.3d 653 (4th Cir. 2004) ........................................ 7

*United States v. Jones*, 31 F.3d 1304 (4th Cir. 1994) .................................................. 8

*Wadkins v. Arnold*, 214 F.3d 535 (4th Cir. 2000) ....................................................... 8

*Wong Sun v. United States*, 371 U.S. 471 (1963) ....................................................... 7

## STATUTES

28 U.S.C. § 1291 ........................................................................................................... 1

28 U.S.C. § 1331 ........................................................................................................... 1

Fed. R. App. P. 32(a)(5) ............................................................................................. 10

Fed. R. App. P. 32(a)(6) ............................................................................................. 10

Fed. R. App. P. 32(a)(7)(B) ....................................................................................... 10

Fed. R. Civ. P. 56(c) ...................................................................................................... 4

Fed.R.App.P. 32(a)(7)(B)(iii) ..................................................................................... 10

## MISCELLANEOUS

 http://aprilsmith.net/ .................................................................................................. 9

 http://www.aprilsmithmusic.com/. ............................................................................ 9

## PRELIMINARY STATEMENT AND STATEMENT OF JURISDICTION

Plaintiff appeals from a judgment of the United States District Court for the Western District of North Carolina (Richard Voorhees, J.), entered April 6, 2015, which dismissed the complaint upon orders granting the defendants' motions for summary judgment and disposed of all claims in the case. JA141. Notice of appeal from the judgment was timely filed on May 4, 2015. JA142.

Jurisdiction in the district court was predicated upon 28 U.S.C. § 1331 in that this is an action under the civil rights laws, thus presenting a federal question. Jurisdiction in this Court is predicated upon 28 U.S.C. § 1291 in that appeal is taken from a final judgment of the district court.

## STATEMENT OF THE ISSUE

Whether the district court correctly determined that probable cause existed for the issuance of a warrant of arrest for the plaintiff obtained by the individual officers, thus determining, as a matter of law, that there was no violation of her right to be free from an unconstitutional seizure and no basis for the pendent state law tort claims.

## STATEMENT OF THE CASE

Plaintiff commenced this action to recover damages based upon her arrest at the hands of the individual defendants, predicated upon an arrest warrant obtained

1

by them based upon information communicated to them by a confidential informant. JA9 *et. seq.,* JA36 *et seq.*

Defendants answered and made a motion for summary judgment. JA25 *et seq.*, JA52 *et seq.*, JA61 *et seq.*, JA74 *et. seq.*, JA119 *et seq.* Plaintiff opposed. JA93 *et seq.*, JA123 *et. seq.* That motion was granted, the district court finding, in essence, that there was probable cause to support the warrant obtained by the individual defendants thus precluding her from maintaining the causes of action set forth in the complaint. JA102 *et. seq.*, JA135. Judgment was entered, JA137, and Plaintiff took a timely appeal from that judgment. JA138.

## STATEMENT OF FACTS

This action has its genesis in an undercover investigation conducted by the Lincointon, North Carolina, Police Department. JA14. More specifically, on March 10, 2009, Defendants Munday and McGinley met with a confidential informant ("CI") that they had previously utilized to set up a purchase of crack cocaine. JA14, JA79. Munday and McGinley gave the Cl sixty dollars ($60.00) in the form of three twenty dollar bills to make the purchase. JA79, JA85. The Cl engaged in drug purchases with two different people at 728 East Pine Street. JA79. When the Cl returned, he was searched and he was found with narcotics. JA79, JA85.

The Cl told Monday and McGinley that he had purchased the crack cocaine from "April Smith" and Justin Phillip Mayfield, both of whom were African-Americans JA79, JA85. A video of the drug deal was recorded and burned to a DVD as evidence. JA79, JA85.

The video shows an unidentified black female sitting in a chair on the porch and two other individuals who are not a part of the drug deal are standing on the porch. JA79. The actual exchanging of drugs is not caught on camera. JA79, JA85. The camera only catches glimpses of two other individuals and both individuals appeal to be of African-American decent. JA79. There is not enough information on the video to determine the sex of the individuals. JA79.

In any event, application was made to a magistrate for an arrest warrant, Such a warrant was issued and plaintiff was arrested over nine months after the incident had occurred, on December 22, 2009, and was charged with Possession with Intent to Sell Crack Cocaine and Selling/Delivering Crack Cocaine. JA79, JA82, JA98. She remained incarcerated for some 80 days. JA98. The district attorney's office subsequently filed a dismissal of the charges because "'the officer [was] not sure of the identity. . .' of Plaintiff." JA15.

In opposition to the motion for summary judgment, Plaintiff swore that she did not know the CI (who was identified and submitted an affidavit in support of

3

the motion for summary judgment), that on the date of the alleged incident she was employed on a 12 hour shift, 6 A.M. to 6 P.M., and did not match the description in the police report. JA98.

As indicated, the district court granted the motion and Plaintiff has filed a timely appeal.

## STANDARD OF REVIEW

This Court employs a de novo standard of review on appeal from an order granting summary judgment. See *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). In doing so, the Court views "the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## SUMMARY OF ARGUMENT

The defendants and the district court placed emphasis upon the fact that an arrest warrant was obtained and that the issuing magistrate found probable cause. This begs the question. An officer cannot avoid liability on the grounds that the act of applying for an arrest warrant is per se objectively reasonable where the officer

4

believes that the facts alleged in his affidavit are true, and that he is entitled to rely on the judicial officer's judgment in issuing the warrant and hence finding that probable cause exists.

Under this Court's precedents, the issue turns on the doctrine of qualified immunity. When a police officer acts pursuant to a warrant, he is entitled to qualified immunity if he could have reasonably believed that probable cause existed to support the application. Put another way, the question is whether a reasonably well-trained officer would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. If such was the case, the application for the warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest.

On the current record, a reasonable jury could find that the application was not objectively reasonable, and thus summary judgment dismissing the complaint should not have been granted.

## ARGUMENT

### THERE IS NO EVIDENCE TO SUPPORT AN ASSERTION THAT A REASONABLY WELL TRAINED OFFICER WOULD HAVE FOUND PROBABLE CAUSE FOR AN ARREST

Unfortunately, the analysis of the district court, which was framed by the defendants, focuses on the wrong issue, simply finding that the magistrate to whom application for an arrest warrant was made could properly find probable cause. Whether the magistrate could have found probable cause is, however, totally irrelevant. See *Malley v. Briggs*, 475 U.S. 335 (1986). The proper analysis is conducted under the rubric of qualified immunity, which asks first whether a constitutional violation occurred and, if so, whether the right was clearly established at the time. See *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "'If [an officer] did not violate any right, he is hardly in need of any immunity and the analysis ends right then and there.'" *Id.* (quoting *Abney v. Coe*, 493 F.3d 412, 415 (4th Cir.2007)).

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (citing *Graham v. Conner*, 490 U.S. 386, 396-97 (1989));*cf. S.P. v. City of*

6

*Takoma Park, Md.*, 134 F.3d 260, 274 (4th Cir. 1998).

When a police officer acts pursuant to a warrant, he is entitled to qualified immunity if he could have reasonably believed that probable cause existed to support the application. *Porterfield v. Lott*, 156 F.3d 563, 570 (4th Cir. 1998) (citing *Malley v. Briggs,* 475 U.S. 335, 344-45 (1986)). For probable cause to exist, there need be sufficient objective evidence to warrant the belief of a reasonable officer that an offense has been or is being committed. *Brown v. Gilmore*, .*Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). See also *Beck v. Ohio*, 379 U.S. 89, 93-95 (1964); *Wong Sun v. United States*, 371 U.S. 471, 479 (1963).

To be sure, conclusive evidence of guilt is not necessary to establish probable cause, but mere suspicion, common rumor, or even strong reason to suspect are not enough. *Henry v. United States*, 361 U.S. 98, 101 (1959). "Probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Dunaway v. New York*, 442 U.S. 200, 208 n. 9 (1979) (quotations and citations omitted).

This Court has stated that the probable cause standard does not require that the officer's belief be more likely true than false. *United States v. Humphries*, 372

F.3d 653, 660 (4th Cir. 2004) (citing *United States v. Jones*, 31 F.3d 1304, 1313 (4th Cir. 1994)). A finding of probable cause must be based on the totality of the circumstances known to the officer at the time of the arrest. *Brown*, 278 F.3d at 367. Yet, an officer "may not disregard readily available exculpatory evidence of which he is aware." *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000). "Objective inquiry into the reasonableness of an officer's perception of the critical facts leading to an arrest . . . . must charge him with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances." *Sevigny v. Dicksey*, 846 F.2d 953, 957 n.5 (4th Cir. 1988).

    So viewed, the evidence here is sufficient to withstand a motion for summary judgment. It is noteworthy that plaintiff was arrested over nine months after the incident had occurred, and the case was dismissed on motion of the district attorney because "'the officer [was] not sure of the identity. . .' of Plaintiff." JA15. The Plaintiff indicated that she did not know the CI, never sold cocaine, and her description did not match that in the police report. JA98.

    Although the CI indicated that the he sold to the plaintiff, there is no indication of his basis of knowledge. Plaintiff is not seen in the video recording. Given the substantial period of time between the sale and her arrest, it is evident that the investigation was on going and reasonable police officers did not believe

8

that they had sufficient probable cause for an arrest.

All the officers had was a name, race and gender of the alleged perpetrator. There are thousands of individuals with the name "April Smith." Among others, there are April Smith the novelist, the Emmy-nominated television writer and producer, see http://aprilsmith.net/, and April Smith, the musical artist, of April Smith and the Great Picture Show. See  http://www.aprilsmithmusic.com/.

Thus, quite a bit more was needed here before the probable cause standard could be said to have been met. At the very least, a reasonable police officer would have resorted to some identification procedure, such as a photographic identification or the like. *Cf. Guzman v. Ford*, 241 F.3d 69, 71 (1st Cir. 2001).

There is no doubt that an arrest made without probable cause violates established constitutional law is well-settled. See *Brooks*, 85 F.3d at 183.Thus, step two of the analysis is met as well.

According to the North Carolina Court of Appeals, the pendent state law claims are to be analyzed under the same standard, namely if probable cause existed for the issuance of an arrest warrant, a public officer's immunity shields the defendants from individual liability. See *Beeson v. Palombo*, 727 S.E.2d 343, 346 (N.C. Ct. App.) disc. rev. denied, 366 N.C. 389, 732 S.E.2d 352 (2012); see also *Craft v. City of New Bern*, 750 S.E.2d 919 (N.C. App. 2013)

9

## CONCLUSION

The judgment should be reversed, the complaint reinstated, and the matter remanded for trial.

Dated: July 15, 2015

        Respectfully submitted,

        Algernon Williams, Sr.

        s/ Algernon Williams, Sr.
        LAW OFFICE OF ALGERNON WILLIAMS
        Attorney for Plaintiff-Appellant
        4801 East Independence Boulevard Suite 908
        Charlotte, NC 28212
        Direct: 704-537-9111
        Email: alwilliamslaw@msn.com

## CERTIFICATION OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,026 words, excluding parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii)

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect X7, Times New Roman 14 Point.

        s/ Algernon Williams, Sr.
        Law Office of Algernon Williams

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 15, 2015, I filed the required copies of the Opening Brief of Appellant and Joint Appendix with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system, which will send electronic notification of such filing to opposing counsel as follows.

    Patrick Houghton Flanagan
    Cranfill, Sumner & Hartzog, L.L.P.
    227 West Trade Street, Suite 600
    Charlotte, NC 28202
    Attorney for Defendants-Appellees Jason Munday, *et al.*

    and

    Donna Elizabeth Tanner
    NC Department of Justice
    Department of Public Safety/Corrections
    114 W. Edenton Street
    Raleigh, NC 27603
    Attorney for Defendant-Appellee Mark Lesassier

                                  /s/ Algernon Williams, Sr.
                                  Law Office of Algernon Williams