**RECORD NOS. 15-1092(L); 15-1496**

In The

# United States Court Of Appeals
## For The Fourth Circuit

**APRIL SMITH,**

*Plaintiff – Appellant,*

v.

**JASON MUNDAY; CHARLES McGINLEY; BRIAN GREENE;
RODNEY JORDAN; CITY OF LINCOLNTON;
LINCOLNTON POLICE DEPARTMENT; MARK LESASSIER;
JOHN DOE; JANE DOE,**

*Defendants – Appellees,*

**and**

**RUFUS LYNCH,**

*Defendant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE**

_____

## BRIEF OF APPELLEES
_____

| | |
|---|---|
| **Patrick H. Flanagan**<br>**Matthew K. Lilly**<br>CRANFILL, SUMNER<br>  & HARTZOG, LLP<br>**P.O. Box 30787**<br>**Charlotte, NC  28230**<br>**(704) 332-8300** | **Roy Cooper**<br>**North Carolina Attorney General**<br><br>**Donna Elizabeth Tanner**<br>**Assistant Attorney General**<br>NORTH CAROLINA<br>  DEPARTMENT OF JUSTICE<br>**P.O. Box 629**<br>**Raleigh, NC  27602**<br>**(919) 716-6500** |
| *Counsel for Appellees*<br>  *Lincolnton Defendants* | *Counsel for Appellee*<br>  *Mark Lesassier* |

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA  23219
804-249-7770 ♦ www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____    Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    YES    NO


2.    Does party/amicus have any parent corporations?                    YES    NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                    YES    NO
      If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      YES      NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____        Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____        _____
(signature)                                              (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. _____    Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO


2.      Does party/amicus have any parent corporations?                      YES     NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct
        financial interest in the outcome of the litigation (Local Rule 26.1(b))?          YES     NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES     NO
        If yes, identify any publicly held member whose stock or equity value could be affected
        substantially by the outcome of the proceeding or whose claims the trade association is
        pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                       YES     NO
        If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____          _____
        (signature)                                      (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____     Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO

2.      Does party/amicus have any parent corporations?                    YES     NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                    YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct
        financial interest in the outcome of the litigation (Local Rule 26.1(b))?        YES     NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES     NO
        If yes, identify any publicly held member whose stock or equity value could be affected
        substantially by the outcome of the proceeding or whose claims the trade association is
        pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                            YES     NO
        If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE
**************************
I certify that on _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____          _____
            (signature)                                    (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____      Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.	Is party/amicus a publicly held corporation or other publicly held entity?      YES     NO


2.	Does party/amicus have any parent corporations?                              YES     NO
	If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.	Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                              YES     NO
	If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?     YES    NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)     YES    NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?     YES    NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____     Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____               _____
      (signature)                                     (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____        Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO


2.      Does party/amicus have any parent corporations?                                YES     NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:




3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                          YES     NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      YES      NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____      Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____      _____
(signature)                                              (date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____      Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____

(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?      YES      NO

2.      Does party/amicus have any parent corporations?                      YES      NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                      YES      NO
        If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      YES      NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____      Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____      _____
(signature)                                              (date)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __15-1496__    Caption: __April Smith v. Jason Munday_____

Pursuant to FRAP 26.1 and Local Rule 26.1,

Mark Lesassier_____
(name of party/amicus)

_____

 who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                     ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                              ☐YES ☑NO
      If yes, identify all such owners:

10/28/2013 SCC                          - 1 -

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?   ☐YES ☑NO
If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?   ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: Donna Elizabeth Tanner      Date: 5/28/15

Counsel for: Mark Lesassier

## CERTIFICATE OF SERVICE
**************************

I certify that on ___5/28/15___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Donna Elizabeth Tanner              5/28/15
(signature)              (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF THE ISSUES ............................................................ 1

STATEMENT OF THE CASE ............................................................... 1

      Statement of the Facts .................................................................... 3

SUMMARY OF THE ARGUMENT ..................................................... 6

ARGUMENT ........................................................................................ 7

I.     Standard of Review ............................................................... 7

II.    Plaintiff has abandoned all claims not related to the issue of probable cause by failing to address them in the opening brief ........... 8

III.   The District Court did not err in granting Defendants' Motion for Summary Judgment as no reasonable jury could find that reasonable officers, presented with the same evidence, would not find probable cause existed to support Plaintiff's arrest ................ 9

      a.   The District Court did not err in granting Defendants' Motion for Summary Judgment as Appellant cannot establish that Defendants lacked probable cause did not exist to seek Plaintiff's arrest warrant ....................................... 10

      b.   Summary Judgment was proper as to the arresting officers, Defendants Greene and Lesassier, particularly based on their limited role in executing a facially valid arrest warrant .......................................................... 14

IV.   The District Court did not err in granting Defendants' Motion for Summary Judgment as to Plaintiff's state law claims ................ 17

i

CONCLUSION ................................................................................................. 19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*A Helping Hand, LLC v. Baltimore County*,
    515 F.3d 356 (4th Cir. 2008) ................................................................8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................8

*Brown v. Gilmore*,
    278 F.3d 362 (4th Cir. 2002) ....................................... 11, 13-14, 15

*Brown v. Town of Chapel Hill*,
    756 S.E.2d 749 (N.C. Ct. App. 2014) ..............................................18

*Brown v. Wiita*,
    7 Fed. Appx. 275 (4th Cir. 2001) .....................................................10

*Campbell v. Anderson*,
    576 S.E.2d 726 (N.C. Ct. App. 2003) ..............................................18

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................7

*Devose v. Addison*,
    172 F.3d 632 (8th Cir. 1999) ...........................................................14

*Drewitt v. Pratt*,
    999 F.2d 774 (4th Cir. 1994) ............................................................7

*Durham v. Horner*,
    690 F.3d 183 (4th Cir. 2012) .....................................................10, 13

*Evans v. Chalmers*,
    703 F.3d 636 (4th Cir. 2012) .....................................................10, 15

*Henry v. Purnell*,
    652 F.3d 524 (4th Cir. 2011) ...........................................................17

*Higgins v. E. I. Dupont de Nemours & Co.*,
    863 F.2d 1162 (4th Cir. 1988) ........................................................7

*Massey v. Ojaniit*,
    759 F.3d 343 (4th Cir. 2014) ......................................................10

*Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*,
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ..............8

*Maxwell v. City of Indianapolis*,
    998 F.2d 431 (7th Cir. 1993) ......................................................14

*Mensh v. Dyer*,
    956 F.2d 36 (4th Cir. 1991) ............................................15, 16, 17

*Miller v. Prince George's County, MD*,
    475 F.3d 621 (4th Cir. 2007) ......................................................11

*Pritchett v. Alford*,
    973 F.2d 307 (4th Cir.1992) ......................................................11

*Schlossberg v. Goins*,
    540 S.E.2d 59 (N.C. Ct. App. 2000) ..........................................18

*Scott v. Harris*,
    550 U.S. 372 (2007) ......................................................................8

*Sennett v. United States*,
    667 F.3d 531 (4th Cir. 2012) ................................................11, 12

*Thompson v. Prince William County*,
    753 F.2d 363 (4th Cir. 1985) ................................................15, 16

*Torchinsky v. Siwinski*,
    942 F.2d 257 (4th Cir. 1991) ................................................11, 12

*United States v. Al–Hamdi*,
    356 F.3d 564 (4th Cir. 2004) ........................................................8

*United States v. Lopez*,
    482 F.3d 1067 (9th Cir. 2007) ....................................................14

*Wadkins v. Arnold*,
    214 F.3d 535 (4th Cir. 2000) ........................................................11

*Yousefi v. INS*,
    260 F.3d 318 (4th Cir. 2001) ........................................................8

**Statutes:**

28 U.S.C. § 1291 .............................................................................1

28 U.S.C. § 1331 .............................................................................1

42 U.S.C. § 1983 .........................................................................2, 9, 10, 12

N.C.G.S. § 90-95 ...........................................................................13

N.C.G.S. § 90-95(A) .......................................................................5

N.C.G.S. § 90-95(a)(1) ....................................................................5

**Rule:**

Fed. R. Civ. P. 56(c) ......................................................................7

**Other Authority:**

WAYNE R. LEFAVE, 2 SEARCH & SEIZURE:
A TREATISE ON THE FOURTH AMENDMENT
    § 3.4(c) (5th ed. Oct. 2014) ........................................................14

## STATEMENT OF JURISDICTION

Plaintiff appeals certain portions of the judgment entered by the Honorable Richard Voorhees in the United States District Court for the Western District of North Carolina granting summary judgment to Defendants.  Summary Judgment was granted in favor of Defendants Jason Munday, Charles McGinley, Brian Greenee, Rodney Jordan, Lincolnton Police Department, and the City of Lincolnton on December 23, 2014.  Summary Judgment was granted in favor of Defendant Mark Lesassier on April 6, 2015.  Jurisdiction in the District Court was predicated upon 28 U.S.C. § 1331.  Plaintiff appealed each of these judgments and the jurisdiction of this Court is predicated upon 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Whether summary judgment in Defendants' favor as to Plaintiff's constitutional claim for malicious prosecution should be upheld based on the District Court's determination that the reasonable officer faced with the same evidence would have found probable cause existed to (1) apply for a warrant and (2) arrest Plaintiff.   Whether summary judgment in Defendants' favor should be upheld as to the state law claims of negligence, false imprisonment, and assault.

## STATEMENT OF THE CASE

April Smith ("Plaintiff" or "Smith") was arrested on December 20, 2009 after a Magistrate found probable cause to believe that she had unlawfully,

willfully, and feloniously possessed, with the intent to distribute and sell, crack cocaine. (J.A. 27 and 54). Plaintiff filed this action on December 21, 2012 and filed an Amended Complaint on January 8, 2014. (J.A. 4-5). She alleged that the arrest violated her constitutional rights pursuant to Title 42 U.S.C. § 1983 and asserted state law claims for false imprisonment, negligence, negligent supervision, and assault. (J.A. 9-22).

Plaintiff named the City of Lincolnton, the Lincolnton Police Department, Rodney Jordan, Jason Munday, Charles McGinley, Brian Greene, and Mark Lesassier as Defendants. Rodney Jordan ("Chief Jordan" or "Defendant Jordan") is the Chief of Police for the City of Lincolnton. (J.A. 81). Jason Munday ("Officer Munday" or "Defendant Munday"), Charles McGinley ("Officer McGinley" or "Defendant McGinley"), and Brian Greene ("Officer Greene" or "Defendant Greene") are police officers for the City of Lincolnton. (J.A. 82). Mark Lesassier ("Defendant Lesassier") is an Agent for Alcohol Law Enforcement employed with the State of North Carolina. (J.A. 122). He has never been employed by the Lincolnton Police Department. (J.A. 122).

On July 30, 2014, Defendants Jordan, Munday, McGinley, Greene, Lincolnton Police Department and the City of Lincolnton filed a Motion for Summary Judgment as to all claims. (J.A. 74-77). On December 23, 2014, the Court entered an Order, *inter alia*, granting Defendants' Motion for Summary

2

Judgment. (J.A. 102-116). The District Court's December 23 Order also struck Plaintiff's "second response" opposing summary judgment which was filed out of time and without leave of the Court. (J.A. 103-104)    Pursuant to the direction provided in the District Court's December 23 Order, Plaintiff filed a voluntary dismissal of her claims against Rufus Lynch, Sr. on January 7, 2015. (J.A. 116-117) Plaintiff filed a Notice of Appeal on January 21, 2015. (J.A. 138-139)

Defendant Lesassier first moved to dismiss Plaintiff's Complaint for Lack of Jurisdiction based on improper service, which was denied. (J.A. 19). On January 23, 2015, Defendant Lesassier filed a Motion for Summary Judgment as to all claims against him. (J.A. 5). Plaintiff's response to Defendant Lesassier's Motion for Summary Judgment was identical to her response to the other Defendants' Motion for Summary Judgment. (J.A. 136). On April 6, 2015, the Court granted Defendant Lesassier's Motion for Summary Judgment. (J.A. 96-97). Plaintiff filed a Notice of Appeal on May 4, 2015. (D.E. 52, 5:12-cv-00202).

## Statement of the Facts

On March 10, 2009, Officers Munday and McGinley conducted an undercover drug investigation with a confidential informant (the "Informant" or "CI"). (J.A. 79, 84). The Informant had been used as an informant for many years by other officers within the Lincolnton Police Department. (J.A. 79).

3

On March 10, 2009, the informant purchased crack cocaine from two people at 728 East Pine Street, Lincolnton, NC 28092. (J.A. 79, 85). Officers Munday and McGinley gave the informant $60.00 in U.S. currency in the form of three twenty dollar bills. (J.A. 79, 84). The informant was also wired with video and audio surveillance equipment. (J.A. 79, 84). The informant walked to a property located at 728 East Pine Street and spoke to an African-American man named Justin Phillip Mayfield (hereinafter referred to as, "Mr. Mayfield"). (J.A. 79, 85). During their conversation, Mr. Mayfield sold the informant two off-white rock like substances, which were later identified as crack cocaine, for $40.00. (J.A. 79). Also present at 728 East Pine Street was an African-American woman named April Yvette Smith (hereinafter referred to as, "Ms. Smith"). (J.A. 79, 85). Ms. Smith sold the informant two-off white rock like substances in clear plastic baggie corner, which were later identified as crack cocaine, for $20.00. (J.A. 79, 85).

Following the illegal transactions, the informant walked back to a secure staging area and met with Officers McGinley and Munday for debriefing. (J.A. 79, 85). Officer Munday took the narcotics from the informant and placed them into evidence. (J.A. 79, 85) Officer Munday then searched and questioned the informant about the transactions. (J.A. 79, 85). The informant confirmed the identities of the two people from whom he purchased crack cocaine. (J.A. 79, 85). The informant identified the two individuals as Mr. Mayfield and Ms. Smith. (J.A. 79, 85). The

informant also confirmed that Mr. Mayfield and Ms. Smith were both of African-American descent. (J.A. 79, 85).

After conducting the investigation, Officer Munday believed there was probable cause to obtain arrest warrants for Mr. Mayfield and Ms. Smith. (J.A. 79). Officer Munday presented the details of the investigation to Lincoln County Magistrate Deedie Martin. (J.A. 79).

On December 20, 2009, Magistrate Martin found that there was probable cause to believe that on or about March 10, 2009, Ms. Smith unlawfully, willfully and feloniously possessed, with the intent to distribute and sell, crack cocaine, which is in included in the Schedule II of the North Carolina Controlled Substances Act. (J.A. 125). Magistrate Martin issued the warrant with her signature. (J.A. 125). It is undisputed that Magistrate Martin signed the warrant and that the warrant was facially valid. (J.A. 122-3).

On December 20, 2009, Defendant Greene, with assistance from Defendant Lesassier, arrested Plaintiff pursuant to the arrest warrant signed by Magistrate Martin. (J.A. 79 and 122-3). Plaintiff was charged with Possession with Intent to Sell Crack Cocaine in violation of N.C.G.S. § 90-95(A) and Selling/Delivering Crack Cocaine in violation of N.C.G.S. § 90-95(a)(1). (J.A. 79). Neither Defendant Greene nor Defendant Lesassier were involved in this case except that they executed a facially valid arrest warrant by arresting April Smith. (J.A. 79 and 122-3).

5

Plaintiff's sole evidence in opposition to summary judgment was her affidavit. (J.A. 97-8). Plaintiff's affidavit stated that she is an African-American female that weighed approximately two-hundred twenty (220) pounds on March 10, 2009, the date of the controlled substance buy. (J.A. 98). She also refuted knowing the informant and refuted selling a controlled substance on March 10, 2009. (J.A. 98). However, her affidavit was devoid of any evidence related to the facial validity of the warrant signed by Magistrate Martin. (J.A. 98).

## SUMMARY OF THE ARGUMENT

Summary judgment should be affirmed in the Defendants' favor as to all of Plaintiff's claims in this case. Essentially, this case is divided into those Defendants involved in the initial investigation that lead to Plaintiff Smith's arrest and those Defendants who were only involved in executing a facially valid arrest warrant. With respect to the probable cause issue, questions of material fact do not exist and the Record establishes that Defendants are entitled to prevail as a matter of law. In this case, no evidence exists that reasonable officers - presented with the same evidence as the Defendants - would not find that probable cause existed to support Plaintiff's arrest.

As to the actual arrest, Plaintiff has failed to address how Defendants Greene and Lesassier violated her rights at all other than to suggest that there was no probable cause. Likewise, Plaintiff has also failed to specifically address the state

6

law claims other than to suggest that the lack of probable cause makes these claims appropriate for a jury.  As Plaintiff has failed to address any issue other than the issue of probable cause in her opening brief, she has waived her appeal with respect to any other claims or issues.  In any event, the arrest did not violate Plaintiff's constitutional rights, or any other federal or state law.

## ARGUMENT

### I.     Standard of Review

On appeal, the District Court's granting of summary of judgment is reviewed de novo.  *Drewitt v. Pratt*, 999 F.2d 774, 778 (4th Cir. 1994); *Higgins v. E. I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988).  Summary judgment should be granted when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law.  Fed. R. Civ. P. 56(c)(2014).  The movant has "the initial responsibility of informing the District Court of the basis for its motion...[which]...may be discharged by 'showing'...that ***there is an absence of evidence to support the nonmoving party's case.***"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 326 (1986).

In response, the nonmoving party cannot rest on bare pleadings alone, but must…designate specific material facts showing there is a genuine issue for trial.  *Id.* at 324. A fact is "material" if its resolution is outcome-determinative under

governing law and would prevent the party against whom it is resolved from prevailing. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor, a ***bare contention that an issue of fact exists is insufficient to create a factual dispute***. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Additionally, a judge is to "view the evidence presented through the prism of the substantive evidentiary burden," or in the present case, preponderance of the evidence. *Id.* at 251-2.

## II.    Plaintiff has abandoned all claims not related to the issue of probable cause by failing to address them in the opening brief.

It is a well-settled rule that contentions not raised in the argument section of the opening brief are abandoned. *A Helping Hand, LLC v. Baltimore County*, 515 F.3d 356, 369 (4th Cir. 2008) (quoting *United States v. Al–Hamdi*, 356 F.3d 564, 571 n. 8 (4th Cir. 2004)). An appellant cannot remedy the situation by raising the issue in his reply brief. *See Yousefi v. INS*, 260 F.3d 318, 326 (4th Cir. 2001) (per curiam). First, Appellant's brief contains no argument as to the Court's order striking Appellant's "second response" opposing summary judgment which was

8

filed on October 16, 2014. (J.A. 103-104)  Additionally, Plaintiff's argument focuses on the issue of "whether the district court correctly determined that probable cause existed for the issuance of a warrant of arrest." (Appellant's Brief p. 1).  Plaintiff argues that based on this determination the court determined that there was "no violation" of her "right to be free from an unconstitutional seizure" and no basis for the "pendent state law tort claims."  (Appellant's Brief p. 1). Plaintiff's arguments likewise focus on the lack of probable cause as it relates to each of her underlying claims.

As Appellant's brief does not address any other relevant legal claims except for the issue of probable cause, she has abandoned the appeal for summary judgment in favor of Defendants as follows: (1) § 1983 claims against Defendants in their official capacities; (2) negligent supervision; (3) state law claims against Defendants in their individual capacities.  The only questions at issue in this appeal are whether the District Court properly determined that probable cause existed for (a) obtaining an arrest warrant and (b) executing that arrest warrant.

**III.    The District Court did not err in granting Defendants' Motion for Summary Judgment as no reasonable jury could find that reasonable officers, presented with the same evidence, would not find probable cause existed to support Plaintiff's arrest.**

Plaintiff argues the District Court's analysis was "erroneous" because it failed to filter its determination through the "rubric" of qualified immunity. (Appellant's Brief p. 6).  Plaintiff argues the "proper analysis" for this "rubric" asks first

9

whether a constitutional violation occurred, and if so, whether the right was clearly established at the time. (Appellant's Brief p. 6). However, government officials are entitled to qualified immunity for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Wiita*, 7 Fed. Appx. 275, 278 (4th Cir. 2001). The District Court very clearly analyzed whether these Defendants violated Plaintiff's constitutional rights based on their various roles in the case presented before the Court. (J.A. 102-117 and 135). The case focused first on the actions of the Defendants involved in procuring the arrest warrant and second on the actions of the Defendants charged with simply executing the arrest warrant. (J.A. 102-117 and 135).

> **a.    The District Court did not err in granting Defendants' Motion for Summary Judgment as Appellant cannot establish that Defendants lacked probable cause did not exist to seek Plaintiff's arrest warrant.**

Malicious prosecution pursuant to § 1983 requires that "[1]the defendant have seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor." *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (quoting *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012); *see also Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). "[W]here a law enforcement officer acts pursuant to a warrant, the critical question is whether the officer *could have reasonably thought* there was

probable cause to seek the warrant." *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000) (emphasis in original).

"Probable cause is determined from the totality of the circumstances known to the officer." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id*. "[A]n officer is not required to 'exhaust every potentially exculpatory lead or resolve every doubt' about a suspect's guilt before probable cause is established." *Miller v. Prince George's County, MD*, 475 F.3d 621, 630 (4th Cir. 2007) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)).  Further, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."  *Sennett v. United States*, 667 F.3d 531, 535 (4th Cir. 2012).  "Indeed, it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with . . . or whether the person is later acquitted of the crime for which she or he was arrested."  *Id*.

"Two factors govern the determination of probable cause in any situation: 'the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct.'" *Brown*, 278 F.3d at 368 (quoting *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992)). "[I]t is irrelevant to the

probable cause analysis what crime a suspect is eventually charged with . . . or whether a person is later acquitted of the crime for which she or he was arrested." *Sennett v. United States*, 667 F.3d 531, 535 (4th Cir. 2012) (quotations and citations omitted). "When a police officer protects a suspect's rights by obtaining a warrant from a neutral magistrate, the officer should, in turn, receive some protection from suit under 42 U.S.C. § 1983." *Torchinsky*, 942 F.2d at 262. Obtaining a warrant from a magistrate weighs in favor of a finding that an officer acted with objective reasonableness. *Id*.

It is undisputed that, on March 10, 2009, Officer Munday conducted an undercover drug investigation with a confidential and reliable informant. (J.A. 79, 84). The Informant was wired with video and audio surveillance equipment. (J.A. 79, 84). The Informant was given cash and returned with drugs, specifically telling the officers that "April Smith" was one of the individuals who sold him the drugs. (J.A. 79, 85). The Informant also described "April Smith" as an African-American woman. (J.A. 79, 85).

After conducting his investigation, Officer Munday presented the details of the investigation to Lincoln County Magistrate Deedie Martin to obtain warrants because he believed probable cause existed. (J.A. 79) On December 20, 2009, Magistrate Martin found that there was probable cause to believe that on or about March 10, 2009, Ms. Smith unlawfully, willfully and feloniously possessed, with

the intent to distribute and sell, crack cocaine, which is in included in the Schedule II of the North Carolina Controlled Substances Act. (J.A. 79)  There is no evidence even hinting that the warrant was obtained in an improper manner.   Further, Plaintiff was found around eleven miles from the spot of the drug purchase. *Compare* (S.J.A. 36) *with* (J.A. 79); *See Durham v. Horner*, 690 F.3d 183, 190 (4th Cir. 2012) (fact that plaintiff lived in area where CI engaged in drug purchases provides evidence supporting probable cause).

Plaintiff does not offer any evidence in support of the proposition that Defendants lacked probable cause to support the warrant for her arrest. In her opposing affidavit, she avers that (1) she weighed 220 pounds on the date of the sale; and (2) she did not make the sale or even know who the informant was. (J.A. 98).   However, there is no evidence supporting any inference that any of the Defendants knew or should have known that she weighed 220 pounds at the time of the buy.  (J.A. 108).

The only discrepancy that exists is the difference in Plaintiff's weight.  The police report notes that the CI may have described Smith as "skinny" and Detective Munday lists "April Smith" at 130 pounds.  (S.J.A. 58, 66).  However, when arrested, Plaintiff weighed 166 pounds.  (S.J.A. 85).  The fact Plaintiff alleges she weighed 220 pounds on the day in question does not affect the probable cause analysis because the officers did not have that information at any point. *See Brown*,

278 F.3d at 357. Moreover, Plaintiff's weight varies throughout her criminal record. (J.A. 108-109).

When faced with discrepancies in physical descriptions, courts often look to whether the characteristic is mutable and the degree of difference in the information provided and that found. *See, e.g. United States v. Lopez*, 482 F.3d 1067, 1073 (9th Cir. 2007); *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434-35 (7th Cir. 1993); *Devose v. Addison*, 172 F.3d 632, 633 (8th Cir. 1999). Weight is such a characteristic and is prone to change, *Maxwell*, 998 F.2d at 435, especially over the nine months that elapsed between the original buy and arrest. Further, estimating a person's weight is difficult and discrepancies between the estimation and the truth are to be expected. WAYNE R. LEFAVE, 2 SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 3.4(c) (5th ed. Oct. 2014). Therefore, Plaintiff's attempts to raise her weight as the factor preventing summary judgment is misplaced and summary judgment was appropriate.

**b.    Summary Judgment was proper as to the arresting officers, Defendants Greene and Lesassier, particularly based on their limited role in executing a facially valid arrest warrant.**

Plaintiff appears to focus her appeal on the question of "whether a reasonably well-trained officer would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." (Appellant's Brief p. 5). However, this wholly ignores the undisputed evidence of the limited role played by

Defendants Greene and Lesassier.  The law treats officers differently depending on their involvement in the case.  *See Evans v. Chalmers*, 703 F.3d 636, 646-47 (4th Cir. 2012).  Probable cause is determined by looking at the totality of the circumstances that are **known to the officer**.  *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002).

Qualified immunity "reasonableness" must be "filtered through the lens of the officer's perception at the time of the incident in question."  *Brown, supra* at 278.  It is the evidence reasonably available to the police officer at the time of the incident, and not "second guessing of the officer's actions with the benefit of 20/20 hindsight" that controls a determination of whether an officer's actions were in violation of an individual's constitutional rights.  *Id.* (external citations omitted).  The law is clear that "officers executing a warrant are 'not required to investigate independently every claim of innocence or to be absolutely certain that the person arrested is the person identified in the warrant.'"  *Id.* (quoting *Mensh v. Dyer*, 956 F.2d 36, 39-40 (4th Cir. 1991)).

In *Thompson v. Prince William County*, 753 F.2d 363, 365 (4th Cir. 1985), an undercover officer completed an investigation which included an undercover buy from an individual only identified to him as "Lisa."  *Id.*  The undercover officer subsequently identified Lisa by running the license plate of the car she was driving.  *Id.*  He then obtained an arrest warrant signed by a magistrate, which was then placed in the hands of another officer for execution.  *Id.*  Even though the arresting officer

knew "nothing of the prior investigation or the basis for the warrant," he located the individual for whom the warrant was issued and placed her under arrest. *Id.* After the fact, it was discovered that plaintiff Thompson was not the same "Lisa" who sold drugs to the undercover officer. *Id.* Despite that, the 4th Circuit held that plaintiff did not have a valid claim against the arresting officer. *Id. Also see Mensh v. Dyer*, 956 F.2d 36, 39-40 (4th Cir. 1991) (holding that it would have been **unreasonable** to abandon execution of an arrest warrant despite the existence of "slight discrepancies" between the warrant and the arrestee, even where the wrong person was arrested).

In the present case, not only did Plaintiff offer "very little by way of evidence or argument" to support the proposition that Defendants lacked probable cause to support the warrant for her arrest, she wholly failed to suggest that the arresting officers were not acting pursuant to a facially valid warrant with her name on it. (J.A. 74). In fact, as it relates to Defendant Lesassier, Plaintiff's affidavit submitted in opposition to his Motion for Summary Judgment was identical to her affidavit submitted in opposition to the other Defendants' Motion for Summary Judgment, bringing to light nothing in the way of authority or facts to support how these arresting officers violated her constitutional rights or any law by executing a facially valid warrant issued for someone with her name and physical description as that found on the warrant. (J.A. 136).

Plaintiff appears to argue that "all" the officers had was a "name, race and gender" and because there are "thousands" of individuals with the name "April Smith" the arrest violated Plaintiff's constitutional rights and state law. (Appellant's Brief p. 8-9). However, not only is that not supported by any legal authority, it is also not the evidence in this case, particularly as to the arresting officers. The arresting officers had a warrant, signed by a magistrate, with **Plaintiff's** full name, **her** address, **her** social security number, **her** license number and **her** date of birth. (J.A. 86). The only unreasonable action that Defendants Greene and Lesassier could have taken would have been to **not** arrest Plaintiff. *See Mensh v. Dyer*, 956 F.2d 36, 39-40 (4th Cir. 1991).

No reasonable juror could find that Defendants Greene and Lesassier were in violated Plaintiff's rights or state law by arresting her pursuant to a facially valid warrant, making summary judgment proper particularly based on the record before the District Court. As noted by Plaintiff, "if an officer did not violate any right, he is hardly in need of any immunity and the analysis ends right then and there." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011)(external citations omitted)(Appellant's Brief, p. 6).

**IV.   The District Court did not err in granting Defendants' Motion for Summary Judgment as to Plaintiff's state law claims.**

As Plaintiff has wholly focused her appeal on the determination of probable cause, she has waived the determination that summary judgment in favor of

Defendants in their individual capacities was proper as to state law claims based on public official immunity. In any event, with no evidence of corruption or malice presented by Plaintiff, the District Court properly determined public official immunity barred her state law claims against Defendants in their individual capacities. (J.A. 112). *Also see Schlossberg v. Goins*, 540 S.E.2d 59, 56 (N.C. Ct. App. 2000)(public officials include police officers who are immune from personal liability for mere negligence in the performance of his duties unless corrupt or malicious); *Brown v. Town of Chapel Hill*, 756 S.E.2d 749, 755 (N.C. Ct. App. 2014)(defining corruption or malice); and *Campbell v. Anderson*, 576 S.E.2d 726, 730 (N.C. Ct. App. 2003)(immunity applies to negligence, assault, false imprisonment, false arrest, and malicious prosecution).

To the extent Plaintiff is appealing the District Court's determination that summary judgment was proper in favor of Defendants in their individual capacities as to the state law claims for negligence, false imprisonment, and assault, her claims are predicated on a lack of probable cause. (Appellant's Brief p. 9); *also see* (J.A. 114). As explained above, probable cause existed in this case and, therefore, summary judgment was proper.

## CONCLUSION

For the reasons set forth herein, Defendants-Appellees respectfully request that Judge Richard L. Voorhees' Order granting summary judgment in Defendants' favor be affirmed and that all claims herein be dismissed.

This the 26th day of August, 2015.

CRANFILL SUMNER & HARTZOG LLP

BY:  /s/Patrick H. Flanagan
       Patrick H. Flanagan
       Matthew K. Lilly
       P. O. Box 30787
       Charlotte, NC  28230
       (704) 332-8300

NC DEPARTMENT OF JUSTICE

       Donna Elizabeth Tanner
       P.O. Box 629
       Raleigh, NC  27602-0629
       (919) 716-6628

       *Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

     this brief contains 4,351 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.


Dated:  August 26, 2015            /s/Patrick H. Flanagan
                                   Patrick H. Flanagan


                                   /s/ Donna Elizabeth Tanner
                                   Donna Elizabeth Tanner


                                   *Counsel for Appellees*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on August 26, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
206 East Cary Street
P.O. Box 1460 (23218)
Richmond, VA 23219
(804) 249-7770